60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Scott SPINA, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-4125
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 29, 1995
Filed: July 10, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Federal inmate Scott Spina appeals from the district court's[1] denial of his application for a writ of habeas corpus under 28 U.S.C. Sec. 2241. We affirm.
 
 
 2
 Spina, a Minnesota citizen incarcerated at the Federal Prison Camp in Duluth, Minnesota, is serving a forty-six-month sentence imposed in June 1992, following his plea of guilty to manufacturing and distributing marijuana. After incarceration, Spina is to serve three years of supervised release.
 
 
 3
 In his writ application, Spina asked that "his gun rights be restored upon completion of his sentence." As he was convicted in the District of Minnesota, Spina argued he should be entitled to seek restoration of his rights under Minnesota law. He protested that the Supreme Court infringed many of his constitutional rights and invaded Minnesota's sovereignty by its decision in Beecham v. United States, 114 S. Ct. 1669, 1671 (1994) (holding law of convicting jurisdiction controls exemptions from felon-in- possession statute, 18 U.S.C. Sec. 922). After Beecham, Spina complained, he could not use Minnesota law to restore the "gun rights" he lost because of his federal drug conviction. The district court denied the application, concluding Spina had not presented an actual case or controversy.
 
 
 4
 The case-or-controversy limitation of federal jurisdiction includes "self-imposed judicial policies which caution against exercising the full power of the courts when it is not necessary to do so." Meadows of West Memphis v. City of West Memphis, Ark., 800 F.2d 212, 214 (8th Cir. 1986). Even when a court has jurisdiction to decide a constitutional question, it will decline to do so "if it can be said that the issue is so premature that the court would have to speculate as to the presence of a real injury." Id.
 
 
 5
 Spina's petition sought restoration of his "gun rights" only after he completes his sentence, which will be several years from now. As we believe Spina's claims must be deferred until he can show real harm from the administration of the felon-in-possession statute under Beecham, we affirm the district court's denial of Spina's habeas corpus application as failing to allege a case or controversy ripe for adjudication.
 
 
 
 [1]
 The Honorable Michael James Davis, United States District Judge for the District of Minnesota