# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 98-3387

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Ernest Lawrence Gray, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

———————

Submitted: March 3, 1999
Filed: April 15, 1999

———————

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

Ernest Lawrence Gray pleaded guilty to aiding and abetting firearm and armed bank robbery violations. See 18 U.S.C. §§ 2, 924(c)(1), and 2113(a), (d). The district court sentenced him to 157 months in prison and ordered restitution of approximately $100,000 to the robbery victims, which "shall be paid in full immediately." On appeal, Gray does not challenge the amount of restitution ordered but argues that the district court should have made findings as to his economic circumstances and should have ordered a schedule of payments, or only nominal payments. Gray did not raise these issues in the district court, so we review the restitution order for plain error.

A sentencing court must order full restitution of each crime victim's loss. See 18 U.S.C. §§ 3663A(a)(1), 3664(f)(1)(A). The offender's ability to pay is relevant only in determining whether restitution should be paid by lump sum, a schedule of payments, or nominal payments. See 18 U.S.C. §§ 3664(f)(2) and(3). The court has substantial discretion in determining how restitution is to be paid but must consider the statutory factors enumerated in § 3664(f)(2), including defendant's financial condition. See United States v. Rea, No. 98-2546, slip op. at 6-7 (8th Cir. Feb. 23, 1999). Here, the district court declined to impose a fine because of Gray's inability to pay, yet it ordered his substantial restitution obligation payable immediately. This part of the restitution order appears to ignore the statutory payment factors set forth in § 3664(f)(2)(A)-(C).

We reverse for plain error only if substantial rights of the defendant are affected. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc). Were Gray to be released in the near future, the district court's failure to consider ability to pay under § 3664(f)(2) might well affect his substantial rights because one condition of his supervised release is that he "shall pay any restitution that remains unpaid at the commencement of the term of supervised release."[1] However, Gray is commencing a long prison term. If he is unable to satisfy the restitution order while incarcerated, as seems likely, then he may apply to the district court for an amended restitution order better suited to his post-release financial circumstances, before he begins supervised release. At this time, the district court's

---

[1]As we observed in United States v. Hines, 88 F.3d 661, 663-64 (8th Cir. 1996), "it is an abuse of discretion to impose as a condition of supervised release the immediate payment of a fine if the defendant's ability to pay that fine is based upon post-supervised release income."

restitution order does not affect his substantial rights and therefore was not plain error.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.