# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2612

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Brennan Thomas, also known as | * | |
| "Snaps," | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 19, 1999

Filed:    December 30, 1999

_____

Before WOLLMAN, Chief Judge, HEANEY and LOKEN, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Having entered a plea of guilty to one count of intentionally aiding and abetting the distribution of approximately seventy grams of cocaine base (crack), Brennan W. Thomas appeals from one of the conditions of the supervised release portion of his sentence imposed by the district court.[1]  We affirm.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

# I.

The presentence report (PSR) indicates that Thomas has a substantial criminal record and a history of criminal street gang involvement. He had been a member of a criminal gang known as the Gangster Disciples and later either started or joined another gang, known as XXVI.

The district court imposed a prison sentence of 121 months and a term of supervised release of five years. Thomas appeals from the condition of his supervised release that requires that:

> The defendant shall not associate with any member, prospect, or associate member of the XXVI gang, the Gangster Disciples gang, or any other gang. If the defendant is found to be in the company of such individuals while wearing the clothing, colors, or insignia of the XXVI gang, the Gangster Disciples gang or any other gang, the Court will presume that this association was for the purpose of participating in gang activities.

At the sentencing hearing, Thomas objected to this provision as being overly broad. He expressed concern that he did not know precisely what conduct would cause his release to be revoked, a particular problem for him because of the composition of his home neighborhood, which evidently includes a significant number of gang members and thus increases the likelihood of inadvertent interaction with such persons. The court replied that the issue would be taken up at a later time, presumably when the conditions have taken effect upon Thomas's release from prison. On appeal, Thomas contends that the condition is vague and fundamentally unfair and thus violates the Due Process Clause.

## II.

It is a well-established, self-imposed judicial policy that a court will decline to determine a constitutional question if the issue is "so premature that the court would have to speculate as to the presence of a real injury." Meadows of West Memphis v. City of West Memphis, 800 F.2d 212, 214 (8th Cir. 1986); cf. Missouri ex rel. Missouri Highway & Transp. Comm'n v. Cuffley, 112 F.3d 1332, 1337 (8th Cir. 1997) ("When . . . considering free speech issues of fundamental and far-reaching import, it is particularly inappropriate to attempt to decide a case on an amorphous and ill-defined factual record.") (internal quotations omitted). The precise line between ripe actions and premature actions is not an easy one to draw, see Cuffley, 112 F.3d at 1338, but we believe that because Thomas has not shown a current, substantial controversy relating to the challenged provision, his due process vagueness claim is premature. Thomas will not be subject to the condition for nearly a decade, during which time any number of events may occur that would make the condition irrelevant. Until such time as the condition's enforcement is imminent, the dispute is only abstract. Thus, we decline to address Thomas's constitutional challenges to the condition.

We note that Thomas may petition for modification of his supervised release conditions before his supervised release begins. See 18 U.S.C. § 3583(e) (Supp. 1999); United States v. Gray, 175 F.3d 617, 618 (8th Cir. 1999). Thomas also is assured of both a prompt probable cause hearing and a more extensive revocation hearing if proceedings are begun to revoke his release, see Fed. R. Crim. P. 32.1; cf. Morrissey v. Brewer, 408 U.S. 471, 482-83 (1972) (parole revocation implicates due process), and the opportunity for appellate review at that time. See, e.g., United States v. Reynolds, 49 F.3d 423, 424 (8th Cir. 1995); United States v. Zentgraf, 20 F.3d 906, 908-09 (8th Cir. 1994).

The sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.