# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 00-2695

_____

United States of America,

               Appellee,

v.

David Lane McGlothlin,

               Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Arkansas.

_____

Submitted: January 9, 2001
Filed: May 8, 2001

_____

Before WOLLMAN, Chief Judge, and HANSEN, Circuit Judge, and JONES[1],
District Judge.

_____

HANSEN, Circuit Judge.

David McGlothlin pleaded guilty to a thirteen-count indictment. McGlothlin's illegal activities included transporting stolen vehicles, being a felon in possession of a firearm, theft of a firearm, transporting a stolen firearm, and transporting stolen property in violation of 18 U.S.C. §§ 2312, 922(g), (i),(j), 924(a)(2), and 2314 (1994).

---

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

(R. at 4.) Pursuant to the United States Sentencing Guidelines, the district court sentenced McGlothlin to 96 months imprisonment, three years supervised release, and ordered him to pay $97,724.49 in restitution to his victims, which was to be paid "in full immediately." (R. at 74.). Special instructions included in the judgment provided that "beginning the first month of supervised release, payments will be a minimum of 10 percent of the defendant's net monthly household income." (Id.) McGlothlin requested that the district court further provide him with a repayment schedule for the time he was to be imprisoned; however, the court refused. On appeal, McGlothlin does not challenge the amount of restitution ordered and instead contests the manner and schedule in which the court ordered him to pay it. He asserts that his case should be remanded so the district court may craft a payment plan commensurate with his ability to pay during his incarceration. We agree.

We review the district court's determination of a defendant's ability to pay restitution for an abuse of discretion. United States v. Riebold, 135 F.3d 1226, 1231 (8th Cir.), cert. denied, 524 U.S. 944 (1998). Pursuant to the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. § 3664 (Supp. II 1996), restitution is required for certain crimes, id. § 3663A(c)(1), and district courts are obligated to impose restitution in the full amount of a victim's losses "without consideration of the economic circumstances of the defendant." Id. § 3664(f)(1)(A). In this case, the financial loss to the victims was in excess of $613,000, directly resulting from McGlothlin's theft of their tractors, trailers, and attendant cargo. The district court credited McGlothlin for the recovered property, leaving him responsible for the $97,724.49 loss still outstanding. "The offender's ability to pay is relevant only in determining whether restitution should be paid by lump-sum, a schedule of payments, or nominal payments." United States v. Gray, 175 F.3d 617, 617-18 (8th Cir.) (referencing 18 U.S.C. § 3664(f)(3)(A)), cert. denied, 528 U.S. 909 (1999). Thus, the district court has substantial discretion in determining how restitution is to be paid. See 18 U.S.C. § 3664(f)(2).

2

At sentencing, the district court acknowledged McGlothlin's financial circumstances and waived payment of a fine but seemed to ignore the statutory payment factors provided by § 3664(f)(2)(A)-(C) by imposing immediate payment of the full amount of restitution. The Presentence Investigation Report noted that McGlothlin had no income and no assets, which indicated that he had no ability to pay the restitution immediately. The district court remarked that "[restitution] is mandatory but I don't think he will ever pay it . . . but, anyway, restitution is imposed because it is mandatory under the statute." (Sentencing Tr. at 5.) Given McGlothlin's financial circumstances, we conclude that the district court abused its discretion. The district court was correct that restitution in this case is statutorily mandated, but instead of demanding immediate payment, which it acknowledged was not feasible, the district court needed to fashion a payment schedule that designated a specific percentage of McGlothlin's monthly earnings while incarcerated toward his restitution obligation. See 18 U.S.C. § 3664(f)(1)(B)(2)(A) ("Upon determination of the amount of restitution owed to each victim, the court shall . . . specify . . . the schedule according to which, the restitution is to be paid, in consideration of . . . the financial resources and other assets of the defendant."); see also United States v. Myers, 198 F.3d 160, 169 (5th Cir. 1999) (finding it erroneous for sentencing court to order $40,000 in restitution due immediately and remanding on the issue of schedule of payment when defendant had no ability to pay in lump sum), cert. denied, 530 U.S. 1220 (2000); United States v. Kinlock, 174 F.3d 297, 298, 301 (2d Cir. 1999) (vacating and remanding restitution order when district court failed to set minimal payment schedule for incarceration period and instead ordered restitution "due and payable immediately."); United States v. Rea, 169 F.3d. 1111, 1114 (8th Cir. 1999) (remanding on restitution issue when district court neglected to consider defendant's financial circumstances in ordering him to pay $750 per month while incarcerated), vacated on other grounds, 530 U.S. 1201 (2000).

McGlothlin further argues that the district court impermissibly delegated the payment schedule during incarceration to the Bureau of Prisons (BOP). During the

3

sentencing colloquy, McGlothlin's attorney requested that McGlothlin be allowed to begin paying his restitution once he secured a job in prison. The district court replied, "I am not going to get into that. . . . I will let the Bureau of Prisons tackle that problem" and ordered that payment was due immediately. (Sentencing Tr. at 14.) We believe that the district court in this instance was intimating that the BOP would collect restitution to the maximum degree possible through its Inmate Financial Responsibility Plan (IFRP) while McGlothlin was incarcerated.[2] We have previously upheld the calculating of a defendant's ability to pay a statutorily imposed obligation based on the defendant's likely prison earnings through the IFRP. United States v. Turner, 975 F.2d 490, 498 (8th Cir. 1992), cert. denied, 506 U.S. 1082 (1993). That being said, the MVRA provides that the manner of payments and "the length of time over which scheduled payments will be made shall be set by the court." 18 U.S.C. § 3572(d)(2) (Supp. II 1996). We interpret this statement to require the district court to set a detailed payment schedule at sentencing. See, e.g., United States v. Coates, 178 F.3d 681, 685 (3d Cir. 1999) (recognizing that federal regulations allow the BOP to determine payment schedules for monetary penalties but finding the plain language of the MVRA vesting authority in the district courts trumps the regulations); United States v. Mortimer, 94 F.3d 89, 91 (2d Cir. 1996) (holding that the district court may not leave to the BOP the responsibility of devising an inmate restitution payment schedule pursuant to the IFRP); United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996) (holding that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer").

Accordingly, we vacate and remand the restitution order with instructions for the district court to impose a detailed restitution payment schedule to commence while McGlothlin is incarcerated.

---

[2]The intent of the IFRP is to assist inmates in meeting their imposed financial obligations, including paying fines and restitution. 28 C.F.R. §§ 545.10-545.11 (1999).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.