# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3151

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| David Lane McGlothlin, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 4, 2002
Filed:  January 14, 2002

_____

Before WOLLMAN, Chief Judge, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

In this appeal following remand for resentencing, David McGlothlin challenges the district court's[1] denial of his motion for a continuance, and the court's imposition of a restitution-payment schedule.  We affirm.

In February 2000 McGlothlin pleaded guilty to theft and firearm-related offenses.  The court sentenced him to imprisonment and supervised release, and ordered him to pay "in full immediately" $97,724.49 in restitution and a $1,300

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

special assessment. Special instructions in the judgment provided that "beginning the first month of supervised release, payments will be a minimum of 10 percent of the defendant's net monthly household income." After the court denied McGlothlin's request for a repayment schedule for the time he was to be imprisoned, McGlothlin appealed. We vacated and remanded the restitution order, with instructions for the district court to impose a detailed schedule of restitution payments to commence during incarceration. See United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001).

The day before his resentencing hearing, McGlothlin moved for a continuance. At the hearing, he testified that he had prepared legal documents but had been prevented from mailing them to his attorney or bringing them to the hearing. McGlothlin's counsel indicated that his client had wanted to make an analogy to a federal garnishment statute. The court replied, "I don't think that's applicable here," and denied the continuance motion. Concerning restitution payments, the government requested a monthly payment of 50% of the funds "available" to McGlothlin, whereas McGlothlin sought to make payments of only 25% of his "earnings" so that he could save at least $1,200 for use following incarceration. The court selected 50% of McGlothlin's earnings as a reasonable amount for his payments during incarceration, and this appeal followed.

We conclude that the district court did not abuse its discretion in denying the motion for a continuance: the hearing was not complex, McGlothlin's counsel did not argue that he lacked adequate time to prepare, and McGlothlin failed to prove resulting prejudice. See United States v. Allen, 247 F.3d 741, 771 (8th Cir. 2001) (standard of review; moving party must be prejudiced by denial of motion to continue); United States v. Little, 567 F.2d 346, 348-49 (8th Cir. 1977) (factors in considering motion for continuance), cert. denied, 435 U.S. 969 (1978).

We also conclude that the district court did not abuse its discretion in setting the restitution payments, based on the figures McGlothlin provided to the court regarding his monthly income and estimated expenses. See 18 U.S.C. § 3664(f)(2)(B)-(C) (court shall consider defendant's projected earnings and financial obligations); United States v. Riebold, 135 F.3d 1226, 1231 (8th Cir.) (standard of review), cert. denied, 524 U.S. 944 (1998).

The judgment is affirmed.

A true copy.

  Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.