# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2041

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Keith Bernard Crenshaw, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 10, 2002

Filed:  December 16, 2002

_____

Before McMILLIAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Keith Bernard Crenshaw appeals his sentence for distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1).  Specifically, Crenshaw contends the district court[*] abused its discretion when it included a condition of supervised release that prohibits Crenshaw from associating with members of the Rolling 60's Crips gang or any other gang.  See United States v. Scott, 270 F.3d 632, 633 (8th Cir. 2001)

_____

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

(standard of review). Although Crenshaw had yet to be tried for a gang-related murder of a four-year-old girl when he was sentenced for the drug violation in this case, Crenshaw was later convicted of murder in aid of racketeering activity, a federal crime which carries a mandatory minimum sentence of life imprisonment. 18 U.S.C. § 1959(a)(1) (2000).

Although the parties dispute whether Crenshaw's appeal is moot, we believe Crenshaw's claim is premature. See, e.g., United States v. Thomas, 198 F.3d 1063, 1065 (8th Cir. 1999). If Crenshaw's murder conviction is affirmed on appeal and he serves the life sentence required by law, he will never be subject to the condition of supervised release he challenges in this appeal. On the other hand, if Crenshaw's conviction is reversed or his life sentence is commuted, Crenshaw can challenge the terms of his supervised release before that release begins. Id.; 18 U.S.C. § 3583(e)(2) (2000) (The court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release"); Fed. R. Crim. Proc. 32.1(c) (2002).

We thus decline to consider the challenged condition of supervised release and affirm Crenshaw's sentence. The government's motion to supplement the record on appeal is granted.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-