# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2787MN

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the District of |
| | * | Minnesota. |
| Richard William Johnson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2003

Filed: April 29, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MELLOY, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

The defendant, Richard W. Johnson, appeals the District Court's[1] imposition of a restitution order on the ground that it does not properly take into account his pre-existing bankruptcy plan. We review the District Court's decision for plain error, because this argument was not made below. We hold that the District Court did appropriately take into account the defendant's bankruptcy obligations when ordering

_____

[1]The Hon. Richard H. Kyle, United States District Judge for the District of Minnesota.

restitution. Thus, there was no plain error, and the order of the District Court is affirmed.

## I.

Mr. Johnson owned and operated a small business in Minnesota throughout the 1990's. To support his business, he fraudulently obtained loans from the North Shore Bank of Commerce. That device only delayed his eventual Chapter 13 bankruptcy, which he filed for in 2000. The Bankruptcy Court determined that the defendant owed creditors $216,508–three-quarters of which was owed to North Shore Bank–and ordered him to pay $400 a month to his creditors.

On account of his fraudulent statements to the bank, Mr. Johnson was indicted in 2001. He pleaded guilty to two counts: bank fraud, 18 U.S.C. § 1344, and making false statements to a financial institution, 18 U.S.C. § 1014. The District Court found that the defendant owed $102,144.81 in restitution to North Shore Bank. This was to be paid in monthly installments of at least $150 for sixty months once Mr. Johnson had served his prison term of twelve months and a day. At the time the restitution order was entered, the defendant did not raise the question of whether consideration of his bankruptcy obligations was reflected in the restitution order.

## II.

The defendant did not challenge the District Court's decision to order restitution payments in addition to the payments the defendant had to make to satisfy the Bankruptcy Court; therefore, our review of the District Court's decision is for plain error. United States v. Fletcher, 322 F.3d 508, 516 (8th Cir. 2002). Thus we look for an error so obvious that to ignore it would seriously undermine the integrity of judicial proceedings. Id.

The law requires that a district court take into account a defendant's ability to pay when setting a schedule for restitution payments. 18 U.S.C. § 3664. In essence, Mr. Johnson argues that because the District Court's order does not explicitly discuss his bankruptcy obligations, it should be assumed that the District Court did not take those obligations into account, as § 3664 requires. We disagree.

The District Court had before it Mr. Johnson's pre-sentence report, which contained details of his Chapter 13 bankruptcy and the payment plan ordered by the Bankruptcy Court. The District Court must have given consideration to Mr. Johnson's overall fiscal state, because the Court declined to impose a fine on the defendant on account of his inability to pay it, a conclusion which could be reached only after considering what the defendant owned and what he owed. The defendant admits that he called the District Court's attention to his bankruptcy obligations. Indeed, the size of the restitution award itself suggests that it was meant to operate in tandem with the bankruptcy payments rather than to replace them.

After taking all of this into consideration, we believe it certain that the District Court gave full consideration to Mr. Johnson's economic circumstances when determining the rate at which he would have to make restitution. There was no plain error here. Therefore, the decision of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.