# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

Nos. 02-3687/03-2852

_____

United States of America,　　　　　*

　　　　　　　　　　　　　　　　　*

　　　　　　Appellee,　　　　　　 *

　　　　　　　　　　　　　　　　　*　　Appeals from the United States

　　　v.　　　　　　　　　　　　 *　　District Court for the

　　　　　　　　　　　　　　　　　*　　Eastern District of Arkansas.

Randy Lee Vanhorn,　　　　　　　 *

　　　　　　　　　　　　　　　　　*　　　　　[PUBLISHED]

　　　　　　Appellant.　　　　　　 *


_____

Submitted: April 15, 2003
Filed: October 1, 2003

_____

Before BYE, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

　　　Randy Lee Vanhorn was convicted and sentenced on charges of mail fraud and money laundering. We affirmed his convictions and sentence but remanded for the district court to consider Vanhorn's request to modify the mandatory restitution order. United States v. Vanhorn, 296 F.3d 713 (8th Cir. 2002), cert. denied, 123 S. Ct. 981 (2003). We remanded for reconsideration of the restitution order because the district court's judgment had not set a schedule of payments for restitution during Vanhorn's incarceration, contrary to law. Id. at 720-21 (citing 18 U.S.C. §§ 3663A(c)(1)(A)(ii)

(mandatory restitution for a crime committed by fraud or deceit); 3664(f)(1)(B)(2) (requiring the court to specify the schedule for payment of restitution)).

On remand, the district court[1] held an evidentiary hearing to determine a restitution payment schedule. Vanhorn waived his appearance and presented no evidence. The district court ordered that proceeds in an existing account be paid immediately to the victim, the Arkansas Employment Security Department. The district court ordered that the remaining restitution owed "will be paid by defendant on an installment basis in the way the Bureau of Prisons handles this through its Inmate Financial Responsibility Program at the rate of no less than 50% of the funds available to defendant during incarceration." (Appellant's Add. at 2 (Dist. Ct. Order Oct. 28, 2002).) Vanhorn appealed.

Subsequently, Vanhorn complained to the district court that the Bureau of Prisons was violating the restitution order by requiring him to pay $25 per quarter toward his restitution when his current prison income is zero. The district court denied the challenge, stating that the court's order did not direct payment of 50% of his prison income, but 50% of the funds "available to defendant." (Dist. Ct. Order July 8, 2003.) Vanhorn then appealed this order, and the two appeals have been combined for our consideration.

In this case, where restitution is mandatory, Vanhorn, 249 F.3d at 721, the district court nevertheless has substantial discretion in determining how that mandatory restitution is to be paid, United States v. McGlothlin, 249 F.3d 783, 784 (8th Cir. 2001). "This court reviews challenges to restitution orders for clear error." United States v. Moyer, 313 F.3d 1082, 1087 (8th Cir. 2002).

---

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

Vanhorn argues in this appeal that the district court abdicated its judicial function under the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3664, by setting the restitution schedule in accordance with Bureau of Prison policies. We disagree. The district court ordered that throughout Vanhorn's period of incarceration, he should pay no less than 50% of the funds available to him, handled in an installment basis the way the Bureau of Prisons handles its Inmate Financial Responsibility Program. Thereafter, the district court directed that if the defendant is placed in community confinement or on supervised release, payments will be reduced to 10% of the defendant's gross monthly income. (Appellant's Add. at 2.) Nothing prohibits the district court from choosing a manner of payment that is based upon a policy already in use by the Bureau of Prisons, as long as the district court articulates the schedule. Because the district court in this case set the length of time over which the payments will be made and the manner of payment, we cannot say that the district court abdicated its judicial function. See McGlothlin, 249 F.3d at 785 (stating district court must set the manner of payments and length of time over which payments shall be made).

Vanhorn also argues that the law of the case prohibits the currently set restitution payment schedule. We disagree. After his original sentencing, Vanhorn moved the district court to clarify the judgment because the district court had not set forth a schedule for payment of restitution. The district court granted the motion, modifying the judgment to provide a restitution payment schedule of $25 per quarter while Vanhorn is in prison or 10% of his gross prison income, whichever is greater. Vanhorn then moved a second time to modify the judgment. The government resisted, asserting that the court lacked jurisdiction to modify the order because Vanhorn had already appealed the judgment and more than seven days had passed since the imposition of sentence. The district court denied the second motion to modify on the ground that it lacked jurisdiction due to the pending appeal and also vacated the previous order modifying the judgment, concluding that it too had been entered while the appeal was pending and therefore without jurisdiction. This left the

original judgment in effect, with no restitution payment schedule specified. <u>Vanhorn</u>, 296 F.3d at 721.

In Vanhorn's direct appeal, we reversed the district court's decision that it lacked jurisdiction to consider his second motion to modify the restitution order, and we remanded for the district court to set a restitution payment schedule. <u>Id.</u> at 720-21. Contrary to Vanhorn's contention in this appeal, the previously vacated payment schedule is not the law of this case because we did not reinstate that order or consider its merits, and only issues decided by an appellate court become the law of the case. <u>See</u> <u>Jones v. United States</u>, 255 F.3d 507, 510 (8th Cir. 2001). We simply remanded for further consideration of the judgment, which as originally entered provided no schedule of payment for the order of restitution. The district court followed our instructions by reconsidering the restitution order and setting a schedule for installment payments.

We find no error in the district court's order modifying the judgment of restitution. Accordingly, we affirm in Case No. 02-3687. We summarily affirm the judgment appealed in Case No. 03-3852 for the reasons stated by the district court. <u>See</u> 8th Cir. R. 47B.

BYE, Circuit Judge, dissenting.

I disagree with the majority on one point: whether the district court abdicated its responsibility under the Mandatory Victims Restitution Act to set a payment schedule for restitution during Vanhorn's incarceration. <u>United States v. McGlothlin</u>, 249 F.3d 783 (8th Cir. 2001), required the district court to "fashion a payment schedule that designated a *specific percentage* of [the defendant's] monthly earnings while incarcerated toward his restitution obligation." <u>Id.</u> at 784-85 (emphasis added); <u>see also</u> 18 U.S.C. § 3664(f)(2).

4

The district court set the defendant's restitution for the period he is incarcerated "at the rate of no less than 50% of the funds available to the defendant." Because the district court did not say otherwise, we know the payments must be equal monthly payments. 18 U.S.C. § 3572(d). We do not, however, know the amount the defendant must pay each month. The district court only set a floor of 50% of the money available to the defendant. It is entirely up to the Bureau of Prisons to choose an amount between 50% and 100% of the funds available to Vanhorn. In my view, this is not the "detailed payment schedule" the district court is responsible for setting. McGlothlin, 249 F.3d at 785. A floor is not a schedule, and it cedes too much authority to the Bureau of Prisons. For this reason, I believe the order of the district court should be reversed. I therefore respectfully dissent.

_____