# United States Court of Appeals
## For the First Circuit

No. 03-1339

UNITED STATES OF AMERICA,

Appellee,

v.

HENRY R. TARBOX, JR.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

(Hon. Ronald R. Lagueux, Senior U.S. District Judge)

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Edward J. Romano was on brief for appellant.
Michael P. Iannotti, Assistant United States Attorney, with whom Craig N. Moore, Acting United States Attorney, was on brief for appellee.

March 22, 2004

**Per Curiam**.  On February 7, 2000, Tarbox pled guilty to four counts of making false and fraudulent statements to obtain federal employees' compensation benefits, in violation of 18 U.S.C. § 1920.  On April 25, 2000, he was sentenced to twelve months and one day in prison, followed by three years of supervised release, and was ordered to pay $97,764 in restitution to the United States Department of Labor, according to a payment schedule to be determined by the United States Probation Office.[1]  Interest on the amount was waived.  He did not appeal the sentence.

---

[1]The district court has final authority to determine a restitution payment schedule, see United States v. Merric, 166 F.3d 406, 409 (1st Cir. 1999) (remanding to the district court with instruction to insert into the judgment "a phrase or sentence making this reservation of authority explicit"), and cannot delegate such authority to the probation officer.  See also 18 U.S.C. § 3572(d)(2).  Here, at the time of sentencing, the district court concluded that "it wasn't determinable how much [Tarbox] could make by way of restitution during his period of supervised release" until he finished his prison term.  Accordingly, the court directed the Probation Office to fashion a payment schedule upon Tarbox's release from prison.  Ultimately, the court made the Probation Office's payment schedule "official" by its February 18, 2003 order.  We have admonished that the district court may not authorize a probation officer to make post-sentencing decisions as to either the amount of restitution or the schedule of installment payments because the court cannot delegate to others its "inherent responsibility" over matters of punishment, which includes "final authority over all payment matters." Merric, 166 F.3d at 409.  See also United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996); United States v. Kassar, 47 F.3d 562, 568 (2d Cir. 1995).  Thus, there remains the issue of whether the district court still may have impermissibly delegated to the Probation Office its final authority over restitution payment scheduling, despite its eventual "official" adoption of the Probation Office's schedule.  Tarbox, however, raised this issue neither before the district court nor here on appeal; hence, we deem it waived.  See United States v. Rosario-Peralta, 199 F.3d 552, 563 n.4 (1st Cir. 1999).

On April 4, 2001, Tarbox was released from prison. Over the next nine months, he paid $350 toward his restitution. The government requested a full review of his financial status. At a January 16, 2002 meeting, Tarbox refused to provide his wife's income and other household income to his probation officer and the Assistant United States Attorney. On February 7, 2002, the Probation Office set a schedule for payment, eventually determining that the restitution was to be paid at a rate of $1,700 per month. Upon his refusal to pay according to this schedule, the government requested the Office of Personnel Management to offset Tarbox's net monthly pension (due to him from the Civil Service Retirement and Disability Fund), set at $1,628.50, to recover the amount of monthly restitution. On August 26, 2002, Tarbox filed a Motion to Dispute Restitution Payments. He also wrote two checks in the amount of one cent to the Clerk of the Court for the district court, one dated August 25, 2002 and the other dated September 30, 2002. On February 18, 2003, after a hearing, the district court entered an order denying his motion and ordering that Tarbox's pension payments be "used in whatever the amount is at any particular time to fulfill his restitution requirement until full restitution is made." Tarbox appeals from this order, contending that the district court abused its discretion by not adjusting downward his monthly restitution payment schedule.

We review a district court's restitution order for abuse of discretion. See United States v. Cutter, 313 F.3d 1, 6 (1st Cir. 2002).

At issue is not the full amount of restitution to be paid by Tarbox, but in how that full amount is to be paid. The district court has "substantial discretion" over this determination. See United States v. McGlothlin, 249 F.3d 783, 784 (8th Cir. 2001). The court shall consider:

> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
> (B) projected earnings and other income of the defendant; and
> (C) any financial obligations of the defendant, including obligations to dependents.

18 U.S.C. § 3664(f)(2). A defendant has the burden of proving by a preponderance of the evidence that he is unable to make the ordered restitution payments. See 18 U.S.C. § 3664(e). At the February 14, 2003 hearing, the government provided financial information which indicated that Tarbox's household income exceeded $100,000 and was composed of (1) $62,599 annual gross salary ($2,400 biweekly); (2) his wife's estimated annual salary of $15,000; (3) $3,400 in unemployment benefits for his wife during the summer (she works as a school bus driver); and (4) a civil service retirement pension of $25,000 gross. At the hearing, Tarbox himself offered no documentation or other evidence of his financial status. In addition, he offered little to support his

-4-

claim that certain health problems affected his ability to work. Moreover, he presented no evidence of his claim that his health costs constitute an extra $200 per month "out of pocket."

Finally, at the hearing, Tarbox never mentioned his children, while at a previous meeting with the government, he claimed the burden of child support obligations for three children he had with a woman other than his wife. In any event, no evidence was produced to substantiate this claim.

Based on the evidence presented at the February 2003 hearing and upon evaluation of Tarbox's financial resources and obligations, the district court did not abuse its discretion in denying Tarbox's Motion to Dispute Restitution Payments and in ordering that his federal civil service pension payments be offset to satisfy the monthly payment schedule. An offset of the pension still leaves Tarbox ample funds on which to live.

Accordingly, we affirm.