# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2897

_____

United States of America,

          Appellee,

    v.

Bobby Lockhart,

          Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: November 6, 2009
Filed: December 14, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Bobby Lockhart pleaded guilty to willfully failing to pay more than $5,000 in child support, in violation of 18 U.S.C. § 228(a)(1). The district court[1] sentenced him to 5 years of probation, and ordered him to pay restitution of $59,326.99, which was the amount of child-support arrearage calculated by the State of Missouri. His counsel has moved to withdraw and has filed a brief filed under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in ordering restitution of $59,326.99, because it included 1% interest on

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

the unpaid balance. In a pro se supplemental brief, Lockhart also challenges the restitution amount, requests a reduction in his monthly payments, and argues that the district court erred in ordering him to attend a drug-treatment program as a condition of probation, and that his counsel provided ineffective assistance.

Lockhart did not object to the restitution order or to the State's calculations upon which the restitution amount was based, even though he admittedly saw the calculations before sentencing. Further, he specifically agreed in his plea agreement that restitution would be based on the State's calculations of the arrearage, which would include statutory interest. He also did not object to the challenged probation condition. Therefore, we will review only for plain error. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (errors not properly preserved are reviewed for plain error only).

We find no plain error in the district court's restitution order. See 18 U.S.C. § 228(d) (upon conviction under this section, court shall order restitution under 18 U.S.C. § 3663A in amount equal to total unpaid support obligation as it exists at time of sentencing); Mo. Rev. Stat. § 454.520.3 (delinquent child support and maintenance payments which accrue based upon Missouri court judgments entered on or after September 1, 1982, shall draw interest of 1% per month).

To the extent Lockhart's pro se argument that his monthly payment should be lowered was intended to assign error to the district court's restitution payment plan, we also conclude that the court did not plainly err in this respect: the court had before it the presentence report with information on Lockhart's education and vocational background, the court allowed him to pay in monthly installments if he was unable to pay in full immediately, and he was ordered to notify the probation office of any material changes in his economic circumstances that might affect his ability to pay. See 18 U.S.C. § 3664(f)(2)(A)-(C) (court shall specify manner and schedule in which restitution is to be paid, in consideration of financial resources and other assets of

defendant, projected earnings and other income of defendant, and any financial obligations of defendant); United States v. Gray, 175 F.3d 617, 618 (8th Cir. 1999) (per curiam) (court has substantial discretion in determining how restitution is paid but must consider statutory factors in 18 U.S.C. § 3664(f)(2)); see also United States v. Johnson, 327 F.3d 758, 759 (8th Cir. 2003) (error is plain if it is so obvious that to ignore it would seriously undermine integrity of judicial proceedings; district court gave full consideration to appellant's economic circumstances in determining rate at which he was to pay restitution where, among other things, court had before it details of appellant's bankruptcy).

Further, we conclude that the district court did not plainly err in ordering Lockhart to participate in a substance-abuse treatment program. See 18 U.S.C. § 3563(b)(9); United States v. Cooper, 171 F.3d 582, 587 (8th Cir. 1999) (participation in approved substance-abuse program is discretionary condition that may be imposed if court has reason to believe defendant is abuser of narcotics, other controlled substances, or alcohol). Finally, Lockhart should raise any ineffective-assistance claim in a 28 U.S.C. § 2255 motion rather than in this direct appeal. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal. Accordingly, we affirm, and we grant defense counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____