# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1699

_____

United States of America,

        Appellee,

v.

Noel Perez-Plascencia,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Northern
\*   District of Iowa.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: January 4, 2010
Filed: January 14, 2010

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Noel Perez-Plascencia (Perez) pleaded guilty to being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). The district court[1] sentenced him to 57 months in prison and 3 years of supervised release, and he appeals. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that a special condition of supervised release limiting Perez's association with gang members violates his constitutional right to freedom of association.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Perez's plea agreement contains an appeal waiver which we will enforce, because the record shows that he entered into the plea agreement and appeal waiver knowingly and voluntarily, and we conclude that enforcement of the appeal waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). Although the appeal waiver does not cover counsel's argument--Perez reserved the right to appeal an "unconstitutionally defective" sentence--we do not address the argument, because Perez will not be subject to the condition until he is released from prison and is likely to be removed from the country upon completion of his sentence. See United States v. Thomas, 198 F.3d 1063, 1064-65 (8th Cir. 1999) (appellate court will decline to determine constitutional question if it is so premature that court would have to speculate as to presence of real injury).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), to the extent required after enforcing the appeal waiver, we find no nonfrivolous issues that are not encompassed by the waiver. Accordingly, we dismiss the appeal.

_____