UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 1 5 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

KEITH RUSSELL JUDD,                     )
                                        )
            Petitioner,                 )
                                        )
    v.                                  )   Civil Action No.
                                        )
ERIC HOLDER, *et al.*,                  )   **10 1547**
                                        )
            Respondents.                )

## MEMORANDUM OPINION

This matter is before the Court on review of petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus. The application will be granted, and the petition will be denied.

Petitioner, who currently is incarcerated at the Federal Correctional Institution in Texarkana, Texas, brings this action in order to challenge his "possible future confinement or prosecution under the Gun Control Act, 18 U.S.C. § 922(g)[,] at the moment of release from prison due to [his] prior legal and constructive possession of several firearms." Pet. at 1 (emphasis in original). He asserts that his possible future custody would violate his "Second Amendment right to Own and Bear Arms (firearms)." *Id.* at 4.

Article III of the Constitution extends the judicial power of the federal courts only to "Cases" and "Controversies." U.S. CONST. art. III, § 2. "In an attempt to give meaning to Article III's case-or-controversy requirement, the courts have developed a series of principles termed "justiciability doctrines,' among which are standing [and] ripeness[.]" *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (citation omitted). "Ripeness, while often spoken of as a justiciability doctrine distinct from standing, in fact shares the constitutional requirement of standing that an injury in fact be certainly impending." *Id.*

(citations omitted).

Generally, court should refrain from deciding matters "where the injury is speculative, and may never occur, because such cases are premature for review." *Isenbarger v. Farmer*, 463 F. Supp. 2d 13, 21 (D.D.C. 2006). It does not appear that petitioner's release from his current confinement or that the initiation of further criminal proceedings is imminent. For these reasons, petitioner cannot show that the matter is ripe for review. *See Spina v. United States*, 60 F.3d 830 (8th Cir. 1995) (per curiam) (affirming dismissal of petition for writ of habeas corpus as failing to allege a case or controversy ripe for adjudication where petition "sought restoration of his gun rights only after he completes his sentence, which will be several years from now"); *Stanley v. Calif. Sup. Ct.*, 21 F.3d 359 (9th Cir. 1994) (remanding habeas petition with instructions to dismiss for lack of subject matter jurisdiction unless petitioner could demonstrate ripeness of claim regarding ineffectiveness of appellate counsel while direct appeal was pending in California Supreme Court).

The Court will deny the petition and dismiss this action without prejudice. An Order accompanies this Memorandum Opinion.

DATE: August 31, 2010

United States District Judge