# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 12-2105

————————

United States of America,     *
             *
     Appellee,     *
             * Appeal from the United States
   v.          * District Court for the
             * Eastern District of Missouri.
Joshua J. Rideout,      *
             * [UNPUBLISHED]
     Appellant.    *

————————

Submitted: May 30, 2012
Filed: June 5, 2012

————————

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

————————

PER CURIAM.

Joshua Rideout, whose scheduled release date is June 13, 2012,[1] appeals the district court's denial as unripe of his motion to modify his supervised-release conditions. Upon careful de novo review, see Dahlen v. Shelter House, 598 F.3d 1007, 1010 (8th Cir. 2010), we conclude that Rideout's motion was ripe, because the enforcement of the challenged conditions was imminent at the time he filed his December 2011 motion, and the issues raised in the motion otherwise satisfied the requirements for ripeness. See KCCP Trust v. City of N. Kan. City, 432 F.3d 897,

---

[1]See http://www.bop.gov/iloc2/LocateInmate.jsp (last consulted May 23, 2012).

899 (8th Cir. 2005) (ripeness doctrine is grounded in both Article III jurisdictional limits and policy considerations of effective court administration; ripeness requires court to evaluate both fitness of issues for judicial decision and hardship to parties of withholding consideration); United States v. Thomas, 198 F.3d 1063, 1065 (8th Cir. 1999) (declining to address due process challenge to supervised-release condition where defendant would not be subject to condition for "nearly a decade"; reasoning that dispute was abstract "[u]ntil such time as the condition's enforcement [was] imminent," but noting that defendant could petition for modification of supervised-release conditions before his supervised release began); see also Pearson v. Holder, 624 F.3d 682, 684-85 & n.18 (5th Cir. 2010) (where defendant's release from prison was "only some two years hence," his constitutional challenge to supervised-release condition requiring him to register as a sex offender was ripe for adjudication; case was ripe because it was fit for judicial decision--as it was inevitable that defendant would have to register as sex offender--and because failure to resolve case could be harmful to defendant; noting that most cases in which prisoners' challenges to supervised-release conditions were held to be unripe, including Thomas, involved situations in which remaining duration of prison sentence was much longer).

Accordingly, we reverse the decision of the district court denying Rideout's motion for modification as unripe, and we remand for further consideration of the motion. We deny as moot Rideout's pending motion for a stay or an injunction.

_____