# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3383

_____

United States of America

*Plaintiff - Appellee*

v.

Sunny Leigh Hassell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 15, 2021
Filed: December 16, 2021
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Sunny Leigh Hassell pled guilty to receiving a healthcare kickback in violation of 42 U.S.C. § 1320a-7b(b)(1)(A). In the plea agreement, Hassell agreed to pay $391,885.84 in restitution. This amount was later reduced to $386,196.35.

As a special condition of release, the district court[1] ordered her to pay the restitution in monthly installments of $500 or 15% of her net monthly income, whichever is greater. Hassell contests this condition. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Hassell does not contest the amount of restitution. Rather, she objects to "ordering monthly restitution payments she will be unable to afford." This court reviews for abuse of discretion. *United States v. Manzer*, 69 F.3d 222, 229 (8th Cir. 1995) (noting district courts have "wide discretion in sentencing, including the ordering of restitution"). District courts consider three factors when determining a payment schedule for restitution: (1) "financial resources and other assets;" (2) "projected earnings and other income;" and (3) "any financial obligations" including "obligations to dependents." 18 U.S.C. § 3664(f)(2)(A)-(C).

Hassell believes the district court "failed to properly consider these factors," specifically that she is a single mother with primary custody of her son and over $43,000 in debt. Hassell asserts that the court considered only that she was intelligent and college-educated. Setting the restitution, the court said:

> The Court observes from the presentence report that Ms. Hassell is a very intelligent person. She was a valedictorian of her high school class. She has a college degree from the University of Arkansas. And the Court believes that with reasonable effort, she will be able to find employment commensurate with an intelligent college-educated person.

Hassell's intelligence and college education are relevant to the first two factors. The court also considered them in other ways. Rather than ordering payment in a lump-sum as is the general rule, the district court considered Hassell's financial resources and assets and ordered partial payments. *See* 18 U.S.C. § 3572(d) ("A person sentenced to pay a fine or other monetary penalty, including restitution,

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."). And overruling her objection that $500 was too much based on her monthly earnings and expenses, the court referenced the Presentence Investigation Report which showed that Hassell previously had employment that paid more than the job she took immediately before sentencing. The court's decision not to impose a fine and to waive interest on the restitution is further evidence that it considered Hassell's financial resources, projected income, and financial obligations. *See United States v. Johnson*, 327 F.3d 758, 759 (8th Cir. 2003) ("The District Court must have given consideration to Mr. Johnson's overall fiscal state, because the Court declined to impose a fine on the defendant on account of his inability to pay it, a conclusion which could be reached only after considering what the defendant owned and what he owed.").

The record also shows the court considered the third factor, Hassell's obligations to dependents. It said:

> You are a single mother of this child who got—his start in life was kind of rough and he still has some needs that linger from that. And the father is apparently not readily involved, so I give mitigating context to that.

Although the district court did not specifically mention this fact when discussing restitution, the court was aware of it and fashioned its remedy accordingly. *Cf. United States v. Young*, 640 F.3d 846, 848 (8th Cir. 2011) ("Evidence that the district court was aware of the relevant § 3553(a) factors is sufficient, and this evidence can be inferred from the record.") (cleaned up).

Hassell relies on *United States v. Rea*, 169 F.3d 1111, 1114 (8th Cir. 1999), to support her request for reversal. There, the court ordered $750 in monthly restitution—to begin during incarceration—for an unemployed defendant with three children, and no college education, special skills, or training. There was also no "indication that the district court considered" the § 3664(f)(2) factors when setting the restitution schedule. The facts of *Rea* do not support Hassell's comparison. The

record here is sufficient that the district court considered the § 3664(f)(2) factors and did not abuse its discretion in setting a repayment schedule.

* * * * * * *

The judgment is affirmed.

_____